# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WODA COOPER COMPANIES, INC.; WODA CONSTRUCTION, INC.; WODA COOPER GENERAL PARTNER, LLC; and KELLINGER GREENE GP, LLC,<br><br>　　　　　　　　　Plaintiffs,<br>　　　v.<br><br>J&J SONS DRYWALL, LLC; and SELECTIVE INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　　　　Defendants. | CIVIL ACTION NO.: |

## NOTICE OF REMOVAL OF DEFENDANT SELECTIVE WAY INSURANCE COMPANY

TO:　United States District Court for the Middle District of Pennsylvania

Defendant, Selective Way Insurance Company ("Selective"), incorrectly identified as Selective Insurance Company of America, by and through its attorneys, Kennedys CMK LLP, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and in support thereof, declares as follows:

　　　1.　On or about July 29, 2025, Plaintiffs Woda Cooper Companies, Inc.; Woda Construction, Inc.; Woda Cooper General Partner, LLC; and Kellinger Greene GP, LLC (hereinafter "Plaintiffs"), commenced a civil action by filing a complaint in the Court of Common Pleas of York County, Pennsylvania captioned *Woda Cooper Companies, Inc., Woda Construction, Inc., Woda Cooper General Partner, LLC; and Kellinger Greene GP, LLC v. J&J Sons Drywall, LLC, and Selective Insurance Company of America,* Civil Action No. 2025-SU-002772. A true and correct copy of Plaintiffs' Complaint ("Complaint") is attached hereto

as **Exhibit A**. Without admitting the truth of the allegations contained therein, Selective incorporates by reference Plaintiffs' Complaint as if fully stated herein.

2. Pursuant to 28 U.S.C. § 1446(b)(1):

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

3. For the purpose of removal pursuant to Section 1446(b), the "initial pleading" is the Complaint. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005).

4. As shown hereunder, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because Selective was served with Plaintiffs' Complaint on August 13, 2025.

5. Federal district courts have original jurisdiction over civil actions where the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

6. Federal jurisdiction exercised pursuant to diversity of citizenship requires that each plaintiff be diverse from every defendant. *See In re Briscoe,* 448 F.3d 201, 215 (3d Cir. 2006).

7. A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

8. A limited liability company ("LLC") assumes the citizenship of its members, such that for diversity jurisdiction purposes, an LLC is deemed to be a citizen of all the states where its members are domiciled, including members that are themselves LLCs or other unincorporated business entities. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420

(3d Cir. 2010); *GBForefront, L.P. v. Forefront Mgmt. Grp.*, LLC, 888 F.3d 29, 41 (3d Cir. 2018)

9. Plaintiffs aver in the Complaint that Woda Cooper Companies, Inc. is a "Ohio corporation with a principal place of business at 500 South Front Street, 10th Floor, Columbus Ohio 43215." *See* Exhibit A, at ¶ 1. Thus, Plaintiff Woda Cooper Companies, Inc. is a citizen of Ohio for purposes of establishing diversity of citizenship.

10. Plaintiffs aver in the Complaint that Woda Construction, Inc. is an "Ohio corporation with a principal place of business at 500 South Front Street, 10th Floor, Columbus, Ohio 43215." *See* Exhibit A, at ¶ 2. Thus, Plaintiff Woda Construction, Inc. is a citizen of Ohio for purposes of establishing diversity of citizenship.

11. Plaintiffs aver in the Complaint that Woda Cooper General Partner, LLC, is an "Ohio Limited Liability Company with a principal place of business at 500 South Front Street, 10th Floor, Columbus, Ohio 43215." *See* Exhibit A, at ¶ 3.

12. Upon information and belief, and by representation of Plaintiffs, Plaintiff Woda Cooper General Partner, LLC is a citizen of Ohio for purposes of establishing diversity of citizenship.

13. Plaintiffs aver in the Complaint that Defendant J&J Sons Drywall, LLC ("J&J") is a "Pennsylvania Limited Liability Company with a principal place of business at 2302 Edgewood Road, Harrisburg, Dauphin County, Pennsylvania." *See* Exhibit A, ¶ 5.

14. Upon information and belief, and by representation of Plaintiffs, J&J is a citizen of Pennsylvania for purposes of establishing diversity of citizenship.

15. Selective is a corporation incorporated under the laws of New Jersey and has its principal place of business in New Jersey.

16. Consequently, for purposes of this removal action, all Defendants are diverse from all Plaintiffs.

17. Concerning the amount in controversy, Plaintiffs' Complaint asserts two causes of action: Count I Declaratory Judgment against all Defendants and Count II Breach of Contract against J&J. *See* Exhibit A.

18. Plaintiffs aver that J&J executed a subcontract with Woda, pursuant to which J&J was required to obtain an insurance policy and name Plaintiffs as Additional Insureds. *See* Exhibit A, at ¶¶ 12-18.

19. In accordance with the subcontract, J&J obtained an insurance policy with Selective with policy number S 2421584 for the May 8 2020 to May 8, 2021 policy period (the "Policy").

20. Plaintiffs seek a judgment declaring that Selective and/or J&J must defend Plaintiffs in the underlying action entitled *Paul Corrigan v. Woda Cooper Companies, Inc., et al.*, filed in York County, Pennsylvania with docket number 2022-SU-002344 (the "Underlying Action"), be held responsible for any settlement/verdict/judgment against Plaintiffs in the Underlying Action, and be held responsible for reimbursing Plaintiffs for any and all fees, costs, and/or expenses incurred in the defense of the Underlying Action. A true and correct copy of the complaint in the Underlying Action is attached hereto as **Exhibit B**.

21. Plaintiffs additionally seek a judgment against J&J in excess of the York County court's arbitration limits. *See* Exhibit A, at ¶ 49.

22. Moreover, the underlying plaintiff in the Underlying Action also seeks to hold Plaintiffs responsible for a judgment in excess of the arbitration limits in York County, Pennsylvania. *See* Exhibit B at ¶¶ 23, 29.

23. According to the York County local rule 1301(a), the arbitration limits in York County, Pennsylvania are $50,000. *See* York Cty. Local R. Civ. P. 1301(a).

24. Upon information and belief, the underlying plaintiff is seeking damages in an amount in excess of $75,000.

4

25. Based on the amount of damages claimed by Plaintiff in the Complaint, and the amount of damages claimed by the underlying plaintiff in the Underlying Action, Selective avers the amount in controversy exceeds the jurisdictional limit of $75,000 established by 28 U.S.C. § 1332(a).

26. Additionally, venue is proper before this Court pursuant to 28 U.S.C. § 1441(a) because this is the Federal District Court for the district and division embracing the place where the Action is pending, which is the Court of Common Pleas of York County, Pennsylvania.

27. Accordingly, this Honorable Court has the authority to exercise jurisdiction over this matter by virtue of 28 U.S.C. § 1332, *et seq.* and 28 U.S.C. § 1441, *et seq.*

28. As required by 28 U.S.C. § 1446, all defendants consent to and join in the removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A); *Ogletree v. Barnes*, 851 F. Supp. 184, 190 (E.D. Pa. 1994) (noting that the unanimity requirement set forth in 28 U.S.C. § 1446 can be met if each defendant signs the notice of removal).

29. Promptly after filing this Notice of Removal, Selective will provide written notice of the removal of this case to Plaintiffs and will file a copy of the Notice of Removal with the Prothonotary for the Court of Common Pleas York County.

30. Nothing in Selective's Notice of Removal shall be interpreted as a waiver or relinquishment of its rights to assert any defense or affirmative matter or an admission to any of the allegations made in the Complaint.

WHEREFORE, based on the foregoing, Defendant Selective Way Insurance Company respectfully requests that Plaintiffs' action captioned *Woda Cooper Companies, Inc., Woda Construction, Inc., Woda Cooper General Partner, LLC; and Kellinger Greene GP, LLC v. J&J Sons Drywall, LLC, and Selective Insurance Company of America,* Civil Action No. 2025-SU-002772, filed with the Court of Common Pleas of York County, Pennsylvania, be removed to the United States District Court for the Middle District of Pennsylvania.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **KENNEDYS CMK, LLP** |
| Dated: September 12, 2025 | */s/ Elizabeth A. Sutton Esquire*<br>Elizabeth A. Sutton, Esquire (PA 205904)<br>1600 Market Street, Suite 1410<br>Philadelphia, PA 19103<br>(267) 479-6700 (*phone*)<br>(215) 655-8475 (*fax*)<br>elizabeth.sutton@kennedyslaw.com<br>*Attorney for Defendant Selective Way Insurance Company* |
|  | **BBC Law, LLP** |
|  | */s/ Michael S. Miller, Jr., Esquire*<br>Andrew R. Benedict, Esquire<br>Michael S. Miller, Jr., Esquire<br>40 Lloyd Avenue, Suite 300, Malvern, PA 19355<br>(215) 253-3790 (*phone*)<br>abenedict@bbclawfirm.com<br>mmiller@bbclawfirm.com<br>*Attorneys for Defendant J&J Sons Drywall, LLC* |